**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: October 10, 2023
Date Decided: October 12, 2023

Srinivas M. Raju, Esquire
Kyle H. Lachmund, Esquire
Naseeba Saeed, Esquire
Richards, Layton & Finger, PA
920 North King Street
Wilmington, Delaware 19801

Lewis H. Lazarus, Esquire
Albert J. Carroll, Esquire
Barnaby Grzaslewicz, Esquire
Samuel E. Bashman, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801

Kenneth J. Nachbar, Esquire
Megan Ward Cascio, Esquire
Alexandra M. Cumings, Esquire
Emily C. Friedman, Esquire
Morris, Nichols, Arsht &
    Tunnell LLP
1201 North Market Street
Wilmington, Delaware 19801

RE:     *Enhabit, Inc., et al. v. Nautic Partners IX, L.P., et al.*,
        C.A. No. 2022-0837-LWW

Dear Counsel:

This letter resolves the three discovery motions currently pending before me

in this matter.  I will dispense with a discussion of the background and refer to the

description in my September 8, 2023 letter decision.[1]  Oral argument on the motions

is unnecessary.  Each of the motions is granted.

## I.    SCHUPPAN DEPOSITION

The plaintiffs have moved to compel the continued deposition of David

Schuppan of The Vistria Group.[2]  Schuppan was deposed on August 16, 2023 in

both his individual capacity and as a Rule 30(b)(6) designee on a total of 31 topics.[3]

The night before his deposition, he produced nearly a year's worth of his phone

records.[4]  After the deposition, Vistria produced a number of documents—including

those that I ordered to be produced in my September 8 decision.

A continued deposition in Schuppan's individual capacity is appropriate given

that a significant number of relevant documents were produced after his deposition

and others were produced hours before.  The plaintiffs may depose Schuppan on his

---

[1] Dkt. 315.  Undefined capitalized terms used herein have the meaning given in the September 8 letter decision.  *Id.*

[2] Pls.' Mot. to Compel Continued Dep. of David Schuppan (Dkt. 323) ("Schuppan Mot."); *see id.* Exs. 7, 8; *see also* Dkts. 337, 346.

[3] Schuppan Mot. ¶¶ 2, 9.

[4] *Id.* ¶ 9.

belatedly produced phone records, the newly produced documents insofar as they involve or relate to Schuppan, and the subject matter those documents cover.[5]

The plaintiffs may also depose Schuppan on the topics for which he was the Rule 30(b)(6) designee but provided incomplete testimony. For example, he did not provide an adequate answer when asked about the structure of TopCo or the roles of entities within TopCo's organizational structure—topics on which he was designated to testify.[6] Rule 30(b)(6) designees are expected to provide "full and complete answers on behalf of the organization" on whose behalf they are testifying.[7] Further, to the extent that the newly produced documents bear on Schuppan's Rule 30(b)(6) testimony, additional questioning is permitted.

---

[5] *See Mechel Bluestone, Inc. v. James C. Just. Cos., Inc.*, 2014 WL 7011195, at *11 (Del. Ch. Dec. 12, 2014) (permitting a party to re-depose witnesses who authored and received relevant documents produced after the court granted a motion to compel).

[6] *E.g.*, Schuppan Mot. Ex. 10 at 69-70, 192-94.

[7] *See, e.g.*, *Fitzgerald v. Cantor*, 1999 WL 252748, at *3 (Del. Ch. Apr. 5, 1999) (explaining that an organization fails to comply with its obligation to prepare a 30(b)(6) representative if, "at the time of the deposition, the person or persons it designates as witnesses are unaware of the organization's full knowledge of a matter set forth [in the notice] and, therefore, are unable to provide full and complete answers on behalf of the organization"); *ADT Hldgs., Inc. v. Harris*, 2017 WL 3635303, at *2 (Del. Ch. Aug. 24, 2017) (observing that where an organization fails to fulfill its duty to prepare a Rule 30(b)(6) deponent, the deposing party "can demand that the organization produce an adequate witness, either by educating the previously proffered witness or by naming a supplemental witness").

The additional deposition (both individual and Rule 30(b)(6)) shall be limited to a total of five hours on the record. The parties shall meet and confer in advance about the precise scope of the Rule 30(b)(6) deposition.

## II.  COLTHARP DEPOSITION

Certain of the defendants have moved to compel additional deposition testimony from Douglas Coltharp, an officer of Encompass Health Corporation.[8] Coltharp was deposed on July 25, 2023 in both his individual capacity and as a Rule 30(b)(6) designee of the plaintiffs on certain topics.[9]  After the deposition, the plaintiffs and the plaintiffs' advisor Citigroup, Inc. produced thousands of documents.[10] Many documents include Coltharp or reference his involvement in key issues.[11]

The defendants are permitted to depose Coltharp in his individual capacity on the newly produced documents and the subject matter those documents cover.[12]

---

[8] Defs. Vistria Fund III, LP, The Vistria Group LP, David Schuppan, TVG NP Homecare Topco, LP and Chris Walker's Mot. to Compel Additional Dep. of Douglas Coltharp (Dkt. 324) ("Coltharp Mot.").

[9] *Id.* ¶ 12.

[10] *See* Defs. Vistria Fund III, LP, The Vistria Group LP, David Schuppan, TVG NP Homecare Topco, LP and Chris Walker's Reply in Supp. of Their Mot. to Compel Additional Dep. of Douglas Coltharp (Dkt. 345) 2.

[11] *Id.*

[12] *See Mechel Bluestone*, 2014 WL 7011195, at *11.

More specifically, the scope of Coltharp's additional deposition will include "documents produced after his deposition that involve him or relate to his work with Citi, as well as relevant documents that Citi and plaintiffs improperly withheld or redacted."[13]

To the extent that the newly produced documents are relevant to categories of testimony on which Coltharp was the Rule 30(b)(6) designee, the parties shall meet and confer about the scope of any further deposition. The testimony sought must be limited to the newly produced documents and their subject matter insofar as they relate to the topics on which Coltharp was designated to testify.

The deposition (both individual and Rule 30(b)(6)) must be limited to a total of 90 minutes on the record.

## III. AT&T SUBPOENA

Finally, defendant Christopher Corey seeks to quash a subpoena to non-party AT&T Mobility, LLC as untimely.[14] The scheduling order in this action states that fact discovery concluded on July 21, 2023.[15] The parties agreed to a limited

---

[13] Coltharp Mot. ¶ 16.

[14] Def. Christopher Corey's Mot. to Quash Subpoena Duces Tecum to AT&T Mobility LLC (Dkt. 331) ("Corey Mot.").

[15] Dkt. 22.

extension of the fact discovery deadline until August 25,[16] and then to September 12 to resolve outstanding disputes.[17] The subpoena to AT&T Mobility was served on September 12.[18]

Although the plaintiffs reserved their rights "to seek additional discovery based on resolution of outstanding issues" and "to add disputes based upon subsequent discovery,"[19] the subpoena concerns neither. After Corey produced responsive text messages on June 20, the plaintiffs did not raise any issues or request a broader production of texts. There is nothing in the record indicating that the parties continued to engage on Corey's texts between June 20 and August 25. In fact, the dispute was never raised with Corey anew after he agreed to a time frame for phone record production on April 10.[20] The dispute was not outstanding as of August 25; it had been dropped.

In any event, the subpoena was served on the final day of the extended discovery period, leaving Corey no time to respond.[21]

---

[16] Corey Mot. Ex. 1.

[17] Corey Mot. Ex. 3.

[18] Dkt. 321.

[19] Corey Mot. Ex. 3.

[20] Pls.' Opp'n to Def. Christopher Corey's Mot. to Quash Subpoena Duces Tecum to AT&T Mobility LLC (Dkt. 341) Ex. 2.

[21] *See, e.g.*, *Jackson v. Copeland*, 1995 WL 54434, at *4 (Del. Ch. Jan. 25, 1995) (concluding that discovery requests filed on the day fact discovery closed were untimely).

The subpoena is therefore untimely and quashed.[22]

## IV. CONCLUSION

For the reasons set forth above, the motions are granted. To the extent necessary for this decision to take effect, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[22] *See In re ExamWorks Grp., Inc. S'holder Appraisal Litig.*, 2018 WL 1008439, at *6 (Del. Ch. Feb. 21, 2018) (explaining that "Delaware courts strictly adhere to discovery cut-off dates").